Deesie DENGAH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70809.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patricia M. Corralles–Talleda, Esq., U.S. Attorney's Office, Los Angeles, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Mark C. Walters, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Deesie Dengah, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's denial of eligibility for asylum, withholding of removal, and CAT relief. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir. 2003).

Substantial evidence supports the IJ's conclusion that Dengah failed to establish sufficient individualized harm or risk of future harm as a Christian to be eligible for asylum on the basis of past persecution or a well-founded fear of future persecution. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (recognizing that mere general lawlessness and violence without an appreciably different risk to the petitioner is not enough to support a claim of asylum).

Dengah therefore necessarily failed to meet the more stringent evidentiary standard required for withholding of removal or CAT relief. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000); *Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Dengah's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**